**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRYAN MARK OLSON, | No. 09-35925 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00035-TMB |
| v. | |
| AK STATE TROOPER G. KEN ZABALA, individual; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Bryan Mark Olson appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging that defendant Zabala violated his

constitutional rights by using excessive force when arresting him. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (per curiam). We affirm.

The district court properly granted summary judgment to Zabala on the basis of qualified immunity because any potential constitutional violation resulting from Zabala's use of a taser against Olson, where Olson was actively resisting arrest and threatening officers, was not clearly established when the incident occurred in 2005. *See Mattos v. Agarano*, 661 F.3d 433, 446-48, 452 (9th Cir. 2011) (en banc) (officers entitled to qualified immunity because the law with respect to an officer's use of a taser against an actively resisting suspect was not clearly established in 2006).

Olson's remaining contentions are unpersuasive.

**AFFIRMED.**